IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

David Anthony Tyre,              )
                                  )
           Petitioner,      )
                                  )     Civil Action No. 4:19-cv-00023-TMC
     v.                   )
                                  )     **ORDER**
Scott Lewis,               )
Warden of Perry Correctional Institution,  )
                                  )
           Respondent.     )
                                  )

Petitioner is a state prisoner, proceeding pro se, who seeks relief under 28 U.S.C. § 2254. Petitioner filed this Petition for writ of habeas corpus on January 3, 2019. (ECF No. 1). On February 28, 2019, Respondent filed a Motion for Summary Judgment. (ECF No. 10). Petitioner filed a Response in Opposition to Respondent's motion (ECF No. 13), and Respondent replied (ECF No. 15). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), which recommends that the Respondent's Motion for Summary Judgment be granted and that the Petition be denied. (ECF No. 16). Petitioner was notified of his right to file objections to the Report. (ECF No. 16-1). Petitioner timely filed objections. (ECF No. 18). Respondent responded to those objections. (ECF No. 21).

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter

with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Since Petitioner has filed this Petition pro se, this court is charged with construing the Petition liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal citations omitted); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, this does not mean that the court can ignore the Petitioner's failure to allege facts that set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## I.  BACKGROUND/PROCEDURAL HISTORY

The magistrate judge set forth a detailed account of the facts in his Report. (ECF No. 16 at 2 – 3). Briefly, Petitioner went to trial on October 11, 2010, on the charges of homicide by child abuse and infliction of great bodily injury upon a child. (ECF No. 1-1 at 2). Petitioner was represented by attorneys Doug Brannon and Shawn M. Chappel. *Id.*  The jury convicted Petitioner of both charges, and Judge Durham Cole sentenced Petitioner to concurrent sentences of life imprisonment without the possibility of parole for the charge of homicide by child abuse and twenty years for infliction of great bodily harm upon a child. *Id*.

Petitioner directly appealed his conviction and sentence to the South Carolina Court of Appeals. (ECF No. 9-3 at 12 - 17). The Court of Appeals affirmed Petitioner's convictions, and the remittitur was issued on July 25, 2014. *Id.* at 19.  Petitioner applied for Post-Conviction Relief

("PCR") on December 18, 2014, asserting ineffective assistance of counsel, specifically stating

that

> Applicant contends he was denied the right of effective assistance of counsel
> [because] . . . Counsel failed to obtain a psychological exam, given the history of
> mental illness, and treatment, and no history of previous violent acts. After
> receiving a court order at a Bond Hearing for a psychological evaluation the
> applicant received an exam from Spartanburg Regional Medical Center nurse and
> put on suicide watch. Applicant raises questions of Constitutional magnitude in
> the areas of due process, equal protection, and cruel and unusual punishment.

(ECF No. 9-3 at 27). Judge Paul Burch denied Petitioner's PCR application on November 2, 2016,

after conducting a hearing. (ECF Nos. 1-1; 9-3 at 102–112). Petitioner appealed the denial of his

PCR application. (ECF No. 9-11). Petitioner was represented by attorney Wanda H. Carter, who

perfected the appeal by filing a Petition pursuant to *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988)

asserting the following issue: "Trial counsel erred in failing to develop a mental illness defense in

the case." (ECF No. 9-12). Petitioner filed a pro se letter on his behalf in the appeal. (ECF No. 9-

13 at 1–2). On October 10, 2018, the South Carolina Supreme Court denied the *Johnson* Petition

for Writ of Certiorari. (ECF No. 9-14). Remittitur was issued on October 26, 2018. (ECF No. 9-

15).

Petitioner filed the instant habeas petition on January 3, 2019, alleging that his trial counsel

was ineffective for failing to develop a mental illness defense. (ECF No. 1 at 5).  On February 28,

2019, Respondent filed a Motion for Summary Judgment. (ECF No. 10). Petitioner responded on

March 29, 2019, (ECF No. 13), and Respondent replied on April 5, 2019 (ECF No. 15). The

magistrate judge entered her Report on May 6, 2019, recommending the undersigned grant the

Respondent's Motion for Summary Judgment (ECF No. 10) and deny the Petition (ECF No. 1).

(ECF No. 16). Petitioner filed objections to the Report (ECF No. 18), and Respondent replied to

those objections (ECF No. 21). Accordingly, the matter is now ripe for review.

## II. DISCUSSION

In his Report, the magistrate judge recommends that the undersigned grant Respondent's Motion for Summary Judgment and deny the Petition. (ECF No. 16). Specifically, the magistrate judge concluded that "the PCR court's rejection of [Petitioner's] claim of ineffective assistance of counsel did not result 'in a decision that was contrary to . . . clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Id.* at 16 (citing 28 U.S.C. §§ 2254(d)(1)- (2); *Williams v. Taylor*, 529 U.S. 362, 404 – 05 (2000)).

Petitioner filed objections to the Report. (ECF No. 18). The vast majority of Petitioner's objections are nonresponsive to the Report and simply reiterate the claims and facts that were already considered by the magistrate judge. However, the court gleans that Petitioner objects to the magistrate judge's determination that the PCR court did not err in finding that trial counsel was not ineffective because, in relation to the bond hearing, trial counsel was "told to seek help for the Petitioner before revisiting the bond issue." (ECF No. 18). Furthermore, Petitioner claims that "because an evaluation was not performed as recommended, the trial attorney could not provide the jury with adequate information with which to make an informed decision." *Id.*

As the magistrate judge correctly noted, under 28 U.S.C. § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the state court proceedings unless the adjudication of the claim –
>
> (1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

"[T]o grant [a] habeas petition, [the court] must conclude that the state court's adjudication of [the petitioner's] claims was not only incorrect, but that it was objectively unreasonable." *McHone v. Polk*, 392 F.3d 691, 719 (4th Cir. 2004). Additionally, the factual findings of the state court are entitled to deference and are "presumed to be correct" unless Petitioner rebuts that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

To establish a Sixth Amendment violation for ineffective assistance of counsel, a petitioner must show both that his counsel's representation "fell below an objective standard of reasonableness," and that such representation caused him to suffer prejudice. *Strickland v. Washington*, 466 U.S. 668, 688 – 92. To establish that he or she has suffered such prejudice, a petitioner must show that there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In addressing Petitioner's PCR claim, the PCR court specifically cited and relied on the standard set forth in *Strickland*. (ECF No. 1-1 at 6 – 7). The PCR court determined that Petitioner failed to show that counsel was ineffective or that he was prejudiced by any error. *Id.* at 10. In reaching this conclusion, the PCR court conducted an evidentiary hearing on the issue, in which the judge was able to "review the record in its entirety" and had the opportunity to "observe each witness who testified at the hearing and closely pass upon their credibility." *Id.* at 2. During his trial and direct appeals Petitioner maintained his testimony that the injury to the child, which caused her death and for which he was charged, was accidental. However, at the PCR hearing, Petitioner admitted for the first time that he had intentionally injured the child. (ECF Nos. 1-1 at 3 – 4; 9-3 at 56 – 116). He further testified that he was "scared" and that his feelings of "guilt" caused him to not accept responsibility for his actions at trial. (ECF No. 9-3 at 56). Trial counsel Doug Brannon testified at the hearing that Petitioner had taken an active role in his defense and had

"always claimed the injuries to the victim that led to her death were caused accidentally." *Id.* at 79, 89.

While Brannon, who sat second chair at trial, testified that he had not discussed Petitioner's depression or medications with Petitioner, *id.* at 80, 82–83, trial counsel Steve Campbell admits that he did discuss Petitioner's mental health with Petitioner. *Id.* at 95. However, Campbell stated that the only reason he was concerned with Petitioner's mental health was in regard to the bond issue, not in regard to the trial itself. *Id.* Campbell testified that this was the case because the trial strategy the whole time was to portray the incident as an accident and that "[d]epression was never a role in this because this was an accident from the beginning. There [was] no reason for me to assume that him being depressed would have played a role in this." *Id.* at 96 – 97. Campbell further testified that "had [Petitioner] admitted he had killed the victim, they may have tried a different defense, but [Petitioner] never said that until the PCR hearing." (ECF No. 1-1 at 6).

In reviewing this testimony, the PCR court determined that Petitioner had not produced any evidence of insanity or showing that with the exercise of due diligence, an insanity defense could have been developed," as required for an ineffective assistance of counsel claim for failure to pursue an insanity defense in South Carolina. (ECF No. 1-1 at 8) (citing *Jeter v. State*, 5417 S.E.2d 594, 594 (S.C. 1992)). Specifically, the PCR court determined that Petitioner did not show any evidence of insanity or of his "inability to consult with his lawyers with a reasonable degree of rational understanding." (ECF No. 1-1 at 9). Additionally, the PCR court determined that Petitioner's story had "remained consistent throughout" the proceedings and that Petitioner had never "claimed any mental concerns or inability to control his anger, instead he maintained a consistent storyline that he had been playing with the child and she had slightly bumped her head, and she must have hit her head harder than he first understood." *Id.* Accordingly, the judge

determined that he had not shown that his counsel was ineffective for failing to pursue an insanity defense because Petitioner had not shown that failure to pursue such a defense was unreasonable under the circumstances nor had he demonstrated any prejudice.[1]

The undersigned finds that the PCR court conducted a thorough review of the facts pertaining to this claim and that the PCR court's determination was reasonable in light of the record. The PCR court addressed trial counsel's performance under the appropriate standards set forth in Supreme Court precedent. As the magistrate judge noted, this court is tasked with deciding whether the PCR court's application of *Strickland* was reasonable, not with determining whether this court would find counsel's performance deficient under *Strickland*. Because the PCR court correctly identified the governing rules set forth in *Strickland* and applied them reasonably to the particular facts in Petitioner's case, this court overrules Petitioner's objections.[2]

### III. CONCLUSION

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the Report (ECF No. 16), which is incorporated herein by reference. Accordingly, the Respondent's Motion for Summary Judgment (ECF No. 10) is **GRANTED**. Thus, Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED.**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating

---

[1] In fact, the court notes that Petitioner specifically stated that if he had been evaluated, he would have pled guilty in hopes of getting some mercy at sentencing. (ECF No. 1-1 at 3). Petitioner does not contend that he would have been acquitted nor does he provide any evidence that his sentence would have actually been impacted.

[2] The court notes that in his objections, Petitioner also argues that the court should consider that his "normal" behavior at trial and subsequent hearings was based on "behavior after he began receiving medication." (ECF No. 18 at 1). However, while Petitioner's demeanor at trial was part of the evidence that the PCR court relied on, the court primarily focused on the fact that Petitioner had maintained throughout the state court proceedings that the victim's death was an accident, which did not bring into question his mental capacity at the time of the crime. (ECF No. 1-3 at 9 – 10). Based on those facts, the PCR court concluded that Petitioner's trial counsel did not act unreasonably in not pursuing an insanity defense. *Id.* The court finds that this conclusion was not an unreasonable application of *Strickland*.

that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
July 8, 2019